UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWIN ANDINO,                            :
                    Petitioner,          :
                                         :
          v.                             :          No. 5:19-cr-00001
                                         :
UNITED STATES OF AMERICA,                :
                    Respondent.          :

_____

**O P I N I O N**
**Motion to Vacate Sentence, 28 U.S.C. § 2255, ECF No. 245 – Denied in part**

**Joseph F. Leeson, Jr.**                                      **November 30, 2022**
**United States District Judge**

Petitioner Edwin Andino filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255

challenging his conviction for felony drug and firearms charges.  Andino argues that counsel was

ineffective for failing to seek a dismissal under the Speedy Trial Act and for misinforming him

about the sentence he would receive if convicted at trial, which led to his guilty plea.  The

Government responds that the claims lack merit and, additionally, the speedy trial claim was

waived.  For the reasons set forth below, this Court denies Andino's ineffective assistance of

counsel claim regarding the Speedy Trial Act as meritless.  An evidentiary hearing will be

scheduled to address the remaining ineffectiveness claim.

**I.       BACKGROUND**

On January 3, 2019, an Indictment was filed against Andino and two co-defendants,

David Cooper and Christopher Saunders, charging him with conspiracy to distribute a mixture

and substance containing a detectable amount of fentanyl and of cocaine base ("crack"), said

mixture of fentanyl weighing forty grams or more, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), and (b)(1)(C); with possession of a firearm in furtherance of a drug trafficking crime

in violation of 18 U.S.C. § 924(c)(1); and with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  All co-defendants were arraigned between January 17 and 24, 2019.  Trial was scheduled for February 25, 2019.

On January 29, 2019, Andino and both co-defendants each filed a motion for extension of time to file pretrial motions.  ECF Nos. 24-26.  Two days later, Cooper filed an unopposed motion to continue trial because full and complete discovery, which was expected to be voluminous, had not yet been received and counsel needed additional time to review discovery.  ECF No. 28.  By Order dated February 5, 2019, all motions were granted and trial was continued until June 25, 2019.  ECF No. 29.  For the reasons explained in the Order, this Court found that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendants in a speedy trial and excluded the period of delay until the new trial date from the speedy trial clock.  *See id.* (citing 18 U.S.C. § 3161(h)(7)).  In April 2019, the time to file pretrial motions was extended at Cooper's request.  *See* ECF Nos. 31-32.

On April 12, 2019, the Court received a letter from Andino requesting the appointment of new counsel and citing to a "complete breakdown" and "irreconcilable differences" with court-appointed counsel Jeffery Azzarano, Esquire.  On April 27, 2019, Attorney Azzarano filed a Motion to Withdraw as Counsel.  ECF No. 34.  The motions were granted on April 29, 2019.  *See* ECF No. 35.  By separate Order issued the same day, Marc Fisher, Esquire, was appointed to represent Andino.  ECF No. 37.

Also, on April 29, 2019, Saunders filed an unopposed motion to continue the trial date and for an extension of time to file pretrial motions.  ECF No. 36.  The motion explained that discovery is voluminous and counsel required additional time to adequately prepare the proper motions and sufficiently prepare for trial.  *See id.*  The motion also noted that Cooper concurred

in the request and Andino, by Order entered the same day, was having new counsel appointed to represent him.  *See id.*

On May 6, 2019, the motion was granted and the trial was continued until October 28, 2019.  ECF No. 38.  For the reasons explained in the Order, this Court found that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendants in a speedy trial and excluded the period of delay until the new trial date from the speedy trial clock.  *See id.* (citing 18 U.S.C. § 3161(h)(7)).

Following the passage of the First Step Act, a Superseding Indictment was filed against Andino, Cooper, and Saunders on June 26, 2019, which included the same charges and reflected Cooper's two prior convictions for serious drug felonies.  ECF No. 40.  All Defendants were arraigned between July 11 and 22, 2019.

In August 2019, Cooper filed unopposed motions to extend the time to file pretrial motions and to continue the trial.  ECF Nos. 52, 54.  The motion explained that discovery was voluminous, consisting of 26,000 document files accounting for approximately 40,000 pages and of about 3,000 audio and video files making up approximately ninety (90) hours in multimedia. *See id.*  Also, supplemental requests for discovery had recently been filed and counsel needed additional time to review that discovery, prepare pretrial motions, and prepare for trial.  *See id.* Attached to the motion to continue the trial were Consent to Continuance of Criminal Trial forms signed by each of the Defendants.  *See* Exs. 1-3, ECF No. 54.  In these forms, each Defendant stated that he did not oppose a continuance and agreed that the time until the new trial date would be excluded under the Speedy Trial Act.  *See id.*  On September 23, 2019, the motion was

granted and the trial was continued until April 20, 2020.[1]  ECF No. 55.  For the reasons explained in the Order, this Court found that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendants in a speedy trial and excluded the period of delay until the new trial date from the speedy trial clock.  *See id.* (citing 18 U.S.C. § 3161(h)(7)).  In January 2020, the time to file pretrial motions was extended at Cooper's request.  *See* ECF Nos. 58-59.

On January 31, 2020, the Government filed an unopposed motion to continue the trial, explaining that prior to a decision on Cooper's August 23, 2019 motion to continue, it had provided to the Court unavailable dates for a number of critical government witnesses that included April 26 through May 2, 2020, which were the second and third weeks of trial.  ECF No. 60.  All Defendants joined in the motion to continue.  *See id.* at 1.  On February 7, 2020, Andino filed a signed Consent to Continuance of Criminal Trial form, which stated that he did not oppose a continuance and agreed that the time until the new trial date would be excluded from the Speedy Trial Act.  ECF No. 61.  On February 18, 2020, the motion to continue was granted and trial was rescheduled for May 18, 2020.  ECF No. 79.  For the reasons explained in the Order, this Court found that the ends of justice served by granting the continuance outweighed the best interest of the public and the Defendants in a speedy trial and excluded the period of delay until the new trial date from the speedy trial clock.  *See id.* (citing 18 U.S.C. § 3161(h)(7)).

---

[1]     The Court attempted to reschedule the trial to begin in January 2020 and in February 2020 and in March 2020, but due to defense counsels' unavailability, as well as the time counsel needed to review discovery and prepare for trial, and the expected length of trial at that time (two to three weeks), April 20, 2020, was the first available trial date for Defendants.  All Defendants specifically agreed to the new trial date and to waive their speedy trial rights during this time.  Andino's consent was verified by email dated September 23, 2019, from counsel.

On February 17, 2020, Defendants filed seventeen separate pretrial motions, including motions to suppress wiretap evidence and search warrants and cell site location information, motions for a Franks hearing and a Starks hearing, and motions for discovery and disclosure of the identity of confidential sources.  ECF Nos. 62-78.  The Government filed an omnibus response to the motions, along with exhibits, on February 27, 2020.  ECF No. 82.  After some docketing issues with the Clerk's Office were corrected, additional exhibits were filed under seal on March 16, 2020.  ECF No. 83.  During the Court's review of Defendants' motions, it was determined that additional information was needed to decide the motions.  Therefore, by Orders dated March 30, 2020, April 16, 2020, and April 24, 2020, the Court directed that the necessary exhibits be filed.  ECF Nos. 93, 110, 114.  The Government promptly complied with each Order. ECF Nos. 94, 109, 115.

On March 23 and 24, 2020, the Government filed three motions in limine.  ECF Nos. 86-88.  Defendants filed responses between March 25 and 26, 2020.  ECF Nos. 90-92.

On April 22, 2020, the Government filed an unopposed motion to continue the trial and exclude time under the Speedy Trial Act as a result of the coronavirus pandemic and consistent with Standing Orders of this district suspending all civil and criminal jury selections.  ECF No. 113.  In granting the motion on April 30, 2020, and continuing the trial until July 13, 2020, this Court adopted and incorporated the findings of Chief Judge Juan Sanchez in the Standing Orders dated March 13, 2020, and April 10, 2020.  ECF No. 117.  For the reasons discussed in the Standing Orders, as well as the additional reasons outlined by this Court's Order, this Court found that the ends of justice served by granting the continuance outweighed the best interest of

the public and the Defendants in a speedy trial and excluded the period of delay beginning March

13, 2020,[2] until the new trial date under the Speedy Trial Act.  *See id.*

On May 1, 2020, this Court issued Opinions and Orders disposing of Defendants'

seventeen pretrial motions and one[3] of the Government's motions in limine.  ECF Nos. 119-128.

On June 23, 2020, this Court continued the trial until September 8, 2020, due to the

ongoing state of affairs related to the coronavirus pandemic.  ECF No. 129.  This Court adopted

and incorporated the findings of Chief Judge Sanchez in the Standing Orders dated March 13,

2020, April 10, 2020, and May 29, 2020.  *See id.*  For the reasons discussed in the Standing

Orders, as well as the additional reasons outlined by this Court's Order, this Court found that the

ends of justice served by granting the continuance outweighed the best interest of the public and

the Defendants in a speedy trial and excluded the period of delay until the new trial date under

the Speedy Trial Act.  *See id.*

All of this Court's continuance orders mentioned herein and the Defendants' motions on

which they were based, as well as each of the Standing Orders issued by the Chief Judge of this

---

[2]     This Court recognizes that it has limited ability to make an ends of justice continuance
retroactive.  *See United States v. Brenna*, 878 F.2d 117, 122 (3d Cir. 1989) (holding that an ends
of justice continuance cannot be entered nunc pro tunc).  However, the time until April 20, 2020,
and then until May 18, 2020, had already been excluded under the Speedy Trial Act by ends of
justice continuance orders dated September 23, 2019, and February 18, 2020, *see* ECF Nos. 55
and 79, so the April Order did not exclude time after the statutory time had expired, but merely
provided additional reasons for an ends of justice continuance.  *See United States v. Lattany*, 982
F.2d 866, 877 (3d Cir. 1992) (holding that a court "can delay articulating on the record its
reasons for granting the continuance if the order granting the continuance is entered before the
Act's seventy-day limit would have otherwise expired.").  Moreover, in the Standing Orders
dated March 13, 2020, and April 10, 2020, which applied to the above-captioned action, the
Chief Judge found that the ends of justice served by granting a continuance outweighed the best
interest of the public and all criminal defendants in a speedy trial.  The ends of justice
continuance was therefore not improperly retroactive.

[3]     The other two motions in limine were decided by Opinion and Order on August 2, 2021.
*See* ECF Nos. 201-202.

District relating to the ongoing impact of COVID-19 on the administration of the courts,[4] are specifically incorporated into this Opinion.[5]

On or after June 10, 2020, Andino notified the Court of his intent to change his plea to guilty. The plea was entered pursuant to a written Guilty Plea Agreement signed on June 10, 2020. Plea Agreement, ECF No. 137. The Guilty Plea Agreement advised Andino of the "statutory maximum and mandatory minimum sentences" on all counts and specifically as to "Count 6 (possession of a firearm in furtherance of a drug trafficking crime), life imprisonment, including a mandatory minimum sentence of 5 years which must be served consecutive to any other sentence." *Id.* ¶ 3. The Guilty Plea Agreement also included a waiver of Andino's rights to appeal or collaterally attack his conviction, sentence, or any other matter relating to the prosecution. *Id.* ¶ 15 (providing limited exceptions, including ineffective assistance of counsel claims).

On June 25, 2020, a change of plea hearing was scheduled for July 22, 2020. ECF No. 131. At this hearing, the Court verified that Andino had read and discussed the Plea Agreement with his attorney, that he understood the terms of the Plea Agreement, and that he voluntarily signed the Guilty Plea Agreement and Acknowledgement of Rights. *See* Notes of Testimony, Change of Plea Hearing, July 22, 2020, at 4:19 – 5:3; 8:12 – 9:8 ("Plea N.T. __"), ECF No. 247.

---

[4]     *See* Standing Orders dated March 13, 2020, April 10, 2020, May 29, 2020, August 31, 2020, October 30, 2020, November 25, 2020, January 15, 2021, February 12, 2021, March 18, 2021, March 30, 2021, and June 7, 2021. *See* https://www.paed.uscourts.gov/documents2/local-rules. These Orders, which make specific findings pursuant to 18 U.S.C. § 3161(h)(7)(A), exclude the periods of delay between March 13, 2020, and September 7, 2021, from the Speedy Trial Act due to the ongoing circumstances regarding COVID-19.

[5]     Also incorporated into this Opinion is this Court's Order dated June 29, 2021, which was issued after Andino pled guilty, continuing the trial of Cooper until September 13, 2021, due to the impact of the ongoing circumstances regarding COVID-19 in this District. *See* ECF No. 190.

During the colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this Court confirmed that Andino understood the maximum possible punishments and any mandatory minimum sentences on all counts, *see id.* 14:5 – 16:9, as well as the appeal/collateral attack waiver, *see id.* 22:10 – 23:7.  At the conclusion of the colloquy, this Court found that Andino's guilty plea and collateral review waiver were knowing and voluntary.  *See id.* 28:14-19.

Andino was sentenced on January 27, 2021, to a total term of incarceration of 216 months, followed by a term of five (5) years supervised release.  *See* Notes of Testimony, Sentencing Hearing, January 27, 2021, at 23:12-21; 25:12-16 ("Sent. N.T. __"), ECF No. 187. The term of imprisonment consists of 156 months on each of counts one and five, sixty (60) months on count six, and 120 months on count seven.  *Id.*  Andino's five-year term of supervised release consists of five (5) years on each of counts one, five, and six, and three (3) years on count 7, all such terms to run concurrently.  *Id.*  This sentence was below the Guidelines range of 262 to 327 months.[6]  *Id.* at 6:1-2.  It was also below the maximum possible sentence for each count, but at or above any mandatory minimum sentences.  *See* Plea N.T. 14:11 – 15:14.

Andino timely filed a Notice of Appeal.[7]  On January 12, 2022, the Third Circuit Court of Appeals granted summary affirmance.  *See United States v. Andino*, App. No. 21-1346, Order dated January 12, 2022.

## II.   MOTION TO VACATE

On May 31, 2022, Andino filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255.  *See* Mot., ECF No. 245.  He alleges trial counsel was ineffective in essentially two areas. First, Andino asserts counsel was ineffective for failing to advise him that he had a right to

---

[6]     The Court denied Andino's motion for a downward departure, but granted his motion for a downward variance.  *See* Sent. N.T. 19:15 – 10:24; 23:8-11; 24:17-18; 28:11-14.

[7]     The Government did not file a direct appeal.

dismissal of the charges if his speedy trial rights were violated.  Andino argues he was
constructively denied counsel because had such a motion been filed it would have resulted in
mandatory dismissal.  He contends the time between the following dates, a total of 181 days,
counted toward the seventy-day speedy trial clock:

> January 10 and 13, 2019
> January 18 and 28, 2019
> February 5 and 28, 2019
> March 1 and 14, 2019
> May 7 and June 24, 2019
> April 30 and July 21, 2020

*See* Mot. 4-4e.[8]  Second, Andino suggests that his guilty plea was not voluntary and counsel was
ineffective for informing him that if he proceeded to trial and lost he would likely be sentenced
to life in prison.  Andino contends that he misunderstood the Plea Agreement to state that he was
facing a mandatory life imprisonment, not simply a maximum term of life imprisonment.
Andino alleges that absent counsel's "bad advice" he would have proceeded to trial.

The Government filed a response to the motion arguing that relief should be denied
because Andino's entry of a guilty plea waived any remedy under the Speedy Trial Act.  *See*
Resp., ECF No. 249.  The Government asserts that Andino cannot avoid the waiver by alleging
that counsel misled him as to the maximum possible penalties he faced because the Court's
colloquy clearly demonstrates that he was aware of the penalties and knowingly waived his right
to trial.  Additionally, the Government contends that Andino was not prejudiced by counsel's
failure to seek dismissal as only twenty-one days (between January 10 and 31, 2019) actually
counted toward the speedy trial clock.

---

[8]      Notably, in support of his argument that these dates are not excluded, Andino makes no
mention of this Court's ends of justice continuance orders dated February 5, 2019, and February
18, 2020, nor does he mention any of the Standing Orders.

In his reply (also known as a "traverse"), Andino asserts that his speedy trial rights began on June 2, 2018, when he was arrested in the state on charges that were eventually adopted federally and form the basis of the above-captioned action.  *See* Traverse, ECF No. 253 (citing *United States v. Costello*, 720 F. App'x 120 (3d Cir. 2018) (discussing the "ruse exception")).  He argues that the fact he was given credit toward his federal sentence for time spent in state custody is evidence his speedy trial rights began before the Indictment was filed in this action.  Applying the "ruse exception," Andino suggests that 361 nonexcludable days passed on the speedy trial clock.  He further contends that because trial counsel was ineffective in failing to advise him of these rights, any waiver was not knowingly and intelligently made.

## III.  LEGAL STANDARDS

### A.  Motion to Vacate under 28 U.S.C. § 2255 – Review of Applicable Law

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal defendants can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002).  Section 2255 "states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.'"  *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255(a)).

"A district court must 'accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'"  *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005)

(citations omitted)).  But, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Thomas*, 221 F.3d at 437.

Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon. . . ."  28 U.S.C. § 2255(b).  This involves a two-step inquiry.  First, "the district court must consider[] as true all appellant's nonfrivolous factual claims.  Second, it must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (internal quotations and citations omitted).  To evaluate claims under this second step, the court considers both elements of the *Strickland* test.  *See id.*  "[I]f a nonfrivolous claim does not *conclusively* fail either prong of the *Strickland* test, then a hearing must be held." *Id.*

## B.    Ineffective Assistance of Counsel – Review of Applicable Law

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).  There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Id.* at 689 (explaining that courts should not second-guess counsel's assistance"); *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).  "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (internal quotations omitted).  The court must consider the totality of the evidence, and the burden is on the petitioner. *Strickland*, 466 U.S. at 687, 695.

"A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden." *Zilich v. Reid*, 36 F.3d 317, 320 (3d Cir. 1994).  To satisfy the "prejudice" element in guilty plea cases, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Court may consider information provided in the plea agreement and statements during the oral colloquy as evidence that a guilty plea was both knowing and voluntary.  *See Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984) ("It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence -- because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.").  Further, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (holding that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings"); *Zilich*, 36 F.3d at 320 ("It can hardly be gainsaid that declarations made under oath ought not to be lightly cast aside.").

### C.      Speedy Trial Act – Review of Applicable Law

The Speedy Trial Act, 18 U.S.C. §§ 3161-3174, generally requires a trial to begin within seventy days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  The defendant's first appearance before a judicial officer for purposes of section 3161(c)(1) "must be an arraignment to trigger the 70-day period."  *United States v. Willaman*, 437 F.3d 354, 357 (3d Cir. 2006) (reasoning that §

3161(c)(1), "by its terms, is applicable only in a 'case in which a plea of not guilty is entered' and until the arraignment there could not have been a plea").

However, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases. To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006).  Section 3161(h) provides, in relevant part, that the following periods of delay shall be excluded in computing the time within which the trial must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;[9]
> . . .
> (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

---

9        The exclusion for motions under § 3161(h)(1)(D) is measured by "the time actually consumed by consideration of the pretrial motion."  *United States v. Tinklenberg*, 563 U.S. 647, 656 (2011).  "When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing."  *United States v. Rashid*, 593 F. App'x 132, 135 (3d Cir. 2014).  If no hearing is required, the period of exclusion is generally limited to thirty (30) days after all briefing is filed.  *See id.* (citing § 3161(h)(1)(H)); *United States v. Adams*, 36 F.4th 137, 148 (3d Cir. 2022) (holding that "if the district court chooses to resolve the motion without holding a hearing, the clock starts ticking a maximum of thirty days after it has 'receive[d] all the papers it reasonably expects' from the parties").  *But see United States v. Pedroza*, 269 F.3d 821, 830 (7th Cir. 2001) ("Although the Speedy Trial Act allows only 30 days of excludable time after the last brief on a motion is filed if only a single pretrial motion is pending, when a district court must contend with multiple motions, we have held that the 30-day period can be extended as long as the court resolves all pending motions with 'reasonable promptness.'"); *United States v. Felton*, 811 F.2d 190, 197 (3d Cir. 1987) ("[W]e need not, and do not, decide whether the filing of multiple motions extends the thirty-day limit.").

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

. . .

(6) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

. . .

18 U.S.C. § 3161(h).

Pursuant to § 3161(h)(6), until a severance is granted, an exclusion applicable to one defendant applies to all codefendants. *United States v. Claxton*, 766 F.3d 280, 292 (3d Cir. 2014); *United States v. Novak*, 715 F.2d 810, 814 (3d Cir. 1983) (commenting about the Act's "strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally excluded"). Thus, all "defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986).

Also excluded from the speedy trial clock is:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). For time to be excludable under this section, the court must set forth, "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* It is not necessary, however, for the court to articulate facts which are obvious and are set forth in the motion for the continuance. *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992). In determining whether to grant a continuance, the court must consider, *inter alia*, "[w]hether the failure to grant such a continuance in the

proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).

Under the Speedy Trial Act, the "[f]ailure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."  18 U.S.C. § 3162(a)(2).  *See also Washington v. Sobina*, 475 F.3d 162, 164 (3d Cir. 2007) (holding that "a speedy trial issue is non-jurisdictional and is therefore waived by an unconditional guilty plea"); *United States v. Bulaman*, 745 F. App'x 468, 469 (3d Cir. 2018) (determining that because the conduct the defendant admitted to during the course of his guilty plea colloquy clearly established the crime to which he pleaded guilty, he waived Speedy Trial Act claims).

## IV.   ANALYSIS

### A.   An evidentiary hearing will be scheduled to resolve Andino's claim that he pled guilty based on incorrect information from counsel.

"If a defendant raises sufficient allegations that his counsel's advice in helping to make that decision [to plead guilty] was so insufficient that it undermined [the defendant's] ability to make an intelligent decision about whether to accept the [plea] offer, the defendant is entitled to an evidentiary hearing on the merits of his habeas petition."  *United States v. Booth*, 432 F.3d 542, 549-50 (3d Cir. 2005) (internal quotations omitted).  Accordingly, an evidentiary hearing will be scheduled to address Andino's claim that his guilty plea was not voluntary because his decision to plead was based on counsel's "bad advice" that if he proceeded to trial and lost he would be sentenced to life in prison.  *See id.*; *United States v. Davila*, No. 1: CR-01-018, 2005 U.S. Dist. LEXIS 35993, at *16-17 (M.D. Pa. Dec. 5, 2005) (rejecting, after an evidentiary hearing, the petitioner's challenge to his guilty plea based on defense counsel's alleged erroneous advice that he would receive a double life sentence if convicted at trial).

**B.      Andino's Speedy Trial Act claim is denied.**

Unlike the claim just discussed, an evidentiary hearing is not necessary to resolve the speedy trial issue.[10]   *See* 28 U.S.C. § 2255(c) (providing that a "court may entertain and determine such motion without requiring the production of the prisoner at the hearing"). Contrary to Andino's suggestion, this claim "may be conclusively determined on the basis of the motion itself and the files and records of the case."   *See United States v. Campisi*, 583 F.2d 692, 695 (3d Cir. 1978) (determining that the speedy trial and ineffectiveness claims in the § 2255 motion to vacate related "to occurrences that are fully documented" and "an evidentiary hearing would have served no apparent purpose"); *United States v. Green*, No. 08-44, 2016 U.S. Dist. LEXIS 203186, at *16 (E.D. Pa. Dec. 9, 2016) (denying an evidentiary hearing on the § 2255 claim that counsel was ineffective for failing to pursue a speedy trial violation because the record conclusively showed he was not entitled to relief).

**i.      Andino's rights under the Speedy Trial Act were not violated.**

The speedy trial clock in the above-captioned case began on January 24, 2019, when Cooper, the last co-defendant joined for trial, was arraigned.[11]   *See* 18 U.S.C. § 3161(h)(6); *Henderson*, 476 U.S. at 323 (holding that in a case were co-defendants are joined for trial, the

---

[10]     Because an evidentiary hearing is being scheduled on Andino's ineffectiveness challenge relating to his plea, the Speedy Trial Act claim is addressed on the merits, instead of being dismissed as waived by the guilty plea.

[11]     Andino and the Government suggest that the speedy trial clock began at the initial appearance, which is incorrect.   *See Willaman*, 437 F.3d at 357 (holding that the Speedy Trial Act begins at arraignment).   Even if it had, however, the clock would have stopped four days later on January 14, 2019, when the Government filed two pretrial motions for detention.   *See* ECF Nos. 10-11; *United States v. Lattany*, 982 F.2d 866, 872 (3d Cir. 1992) (holding that the government's pretrial motions seeking detention are "'pretrial motions' for speedy trial purposes and thus excludable from the speedy trial calculation").   The Government filed a third pretrial motion for detention the following day, *see* ECF No. 15, and the last of these motions was decided on January 24, 2019, when Cooper was arraigned.

Speedy Trial Act requires that trial begin within seventy days of the latest arraignment).  The

clock stopped five days later on January 29, 2019, when Andino and both co-defendants filed

motions for extension of time to file pretrial motions.  *See* 18 U.S.C. § 3161(h)(1)(D).  These

motions were decided on February 5, 2019, along with Cooper's unopposed motion to continue

trial.  Pursuant to the ends of justice continuance granted this date, all time was tolled under the

Act until the new trial date of June 25, 2019.  A second ends of justice continuance, which was

granted on May 7, 2019, after Saunders filed an unopposed motion to continue the trial, extended

the excludable time until October 28, 2019.[12]  Prior to this date, the speedy trial clock was tolled

until April 20, 2020, pursuant to an ends of justice continuance granting Cooper's unopposed

motion to continue the trial.  In March 2020, the coronavirus pandemic swept the nation

necessitating additional ends of justice continuances,[13] each to a specific new trial date, the last

---

[12]      Andino argues that time should not be excluded under the Speedy Trial Act because the
docket incorrectly states that this Order is premised on ECF No. 6, instead of ECF No. 36.
However, the Order itself correctly refers to Saunders' unopposed motion at ECF No. 36.  *See*
Order, ECF No. 38.  The Clerk's Office, not this Court or its Order, mistakenly listed the wrong
ECF number when entering the docket text.  This minor clerical error has no impact on whether
the Order properly excluded time from the Speedy Trial Act.

[13]      In light of the ends of justice continuances necessitated by COVID-19, the Government's
motions to continue ultimately had no impact on Andino's speedy trial rights.

       Further, contrary to Andino's suggestion that the continuance ordered on April 30, 2020,
was improperly based on congestion of the court's calendar, neither this ends of justice
continuance nor any of this Court's subsequent continuance orders nor any of the Chief Judge's
Standing Orders, all of which were necessitated by the coronavirus pandemic and the inability to
safely conduct jury trials in the Eastern District of Pennsylvania because of the impact of
COVID-19, were the type of court-congestion continuances the Act was intended to prevent.

       Moreover, even if this Court were to not consider the time excluded by the Government's
motion and the continuances necessitated by the coronavirus pandemic, only fifty-seven (57)
days would not otherwise be excluded (between the April 20, 2020 trial date and the
Government's motion filed on April 22, 2022, and between April 30, 2020, when the
Government's motion was decided and June 25, 2020, when a hearing was scheduled on
Andino's request to change his plea to guilty).  *See* 18 U.S.C. §§ 3161(h)(1)(D), (G); *United
States v. Mensah-Yawson*, 489 F. App'x 606, 608-10 (3d Cir. 2012) (holding that a defendant's
change of plea tolls the speedy trial clock for the time between when the defendant announces

of which was months after Andino entered his guilty plea on July 22, 2020.  In accordance with 18 U.S.C. § 3161(h)(7)(A), each of this Court's continuance Orders,[14] as well as each of the Standing Orders issued by the Chief Judge of this District, made explicit findings and stated the reasons for the findings that the ends of justice served by granting each continuance outweighed the best interest of the public and the Defendants in a speedy trial.  All the time tolled from the Speedy Trial Act by the ends of justice continuances was properly excluded.  *See* 18 U.S.C. § 3161(h)(7).

Because only five (5) days counted toward Andino's seventy-day speedy trial clock, between January 24, 2019, and January 29, 2019, there was no violation of the Speedy Trial Act.

### ii.   *Ruse* exception does not apply.

Andino's application of the "ruse exception" to argue that the speedy trial clock expired before the above-captioned action was filed is rejected.  Initially, the "Third Circuit has not recognized the ruse exception."  *United States v. Dyer*, 325 F.3d 464, 468 (3d Cir. 2003) ("We do not at this time need to decide whether to recognize the ruse exception.").  Regardless, to

his/her intention to plead guilty and the actual guilty plea, and citing cases that consider such notice a pretrial motion requiring a hearing).

[14]     Andino's assertion that the ends of justice continuance orders did not toll time under the Speedy Trial Clock because they were "prospective continuances" is meritless.  It is nonsensical to suggest that a court may not continue a trial in advance of a trial date.  Further, because the Speedy Trial Act requires that "before delay resulting from a continuance will be considered excludable, the judge must make findings that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial," *see United States v. Carrasquillo*, 667 F.2d 382, 386 (3d Cir. 1981), it follows that the tolling of time generally occurs in the continuance order.

Nor were the continuance orders, each to a specific trial date, based on prospective waivers by Andino because each waiver, whether by defense counsel or by Andino's signed Consent to Continuance of Criminal Trial forms, only waived the Speedy Trial Act until the new trial date.  *See New York v. Hill*, 528 U.S. 110, 115 (2000) (reasoning that because the defendant's waiver of his speedy trial rights was for a specified delay in trial, it did not involve a prospective waiver of the Speedy Trial Act). *Accord Zedner v. United States*, 547 U.S. 489, 502 (2006) (rejecting the defendant's pretrial waiver of the Act "for all time").

trigger the exception, a defendant must show "'collusion or evidence that the detention was for the sole or primary purpose of preparing for [federal] criminal prosecution.'" *United States v. Costello*, 720 F. App'x 120, 123 (3d Cir. 2018) (quoting *United States v. Garcia-Martinez*, 254 F.3d 16, 20 (1st Cir. 2001)).  Andino has not made any such showing, nor pointed to any evidence that would support a finding of collusion.  *See United States v. Edwards*, No. 14-223, 2022 U.S. Dist. LEXIS 57914, at *18-19 (E.D. Pa. Mar. 30, 2022) (denying, without an evidentiary hearing, the defendant's claim that the Speedy Trial Act was violated because, assuming the ruse exception applied in the Third Circuit, the defendant did not allege any facts that would support a finding that the government made arrangements with state authorities to have him detained until they were ready to file criminal charges).  The fact that Andino received credit toward his federal sentence for time spent in state custody is a product of statute and not evidence of collusion.  *See* 18 U.S.C. § 3585(b) (outlining credit for prior custody); *United States v. Willard*, No. 18-172, 2022 U.S. Dist. LEXIS 51746, at *4-6 (E.D. Pa. Mar. 23, 2022) (concluding that even if the ruse exception applied, the defendant did not offer any evidence that state and federal officials were in contact with each other, let alone colluded with each other, nor did he allege that the federal government was involved at any time prior to the defendant's indictment).

### iii.      Counsel's conduct did not prejudice Andino's speedy trial rights.

Because Andino's speedy trial rights were not violated, any motion to dismiss based on an alleged violation of the Speedy Trial Act would have lacked merit.  *See United States v. Tahn Le*, 542 Fed. Appx. 108, 119 (3d Cir. 2013) (concluding that because each of the delays before trial commenced were due to specific statutory exceptions to the Speedy Trial Act, the defendant's argument that his indictment should have been dismissed was frivolous).  Further,

because the ruse exception has not been applied in this Circuit and there is no evidence of collusion, any motion to dismiss based on the ruse exception would have lacked merit.  *See Willard*, 2022 U.S. Dist. LEXIS 51746, at *4-6.  Accordingly, Andino cannot show that he was prejudiced by counsel's failure to seek dismissal.

Andino's suggestion that counsel gave no consideration to his speedy trial rights except to acquiesce in trial continuances, s*ee* Traverse 4, is unsupported and contrary to the reasons for each continuance outlined in the motions and continuance orders.  *See United States v. Hatchett*, 629 F. App'x 229, 231 (3d Cir. 2015) (refusing to find that counsel was ineffective for acquiescing in a continuance absent a showing that, contrary to the court's finding, a continuance was not needed to give counsel time to prepare for trial).  Counsel may waive a defendant's right to a speedy trial because "[s]cheduling matters are plainly among those for which agreement by counsel generally controls."  *New York v. Hill*, 528 U.S. 110, 115 (2000); *Gonzalez v. United States*, 553 U.S. 242, 243 (2008) (explaining that the Court in *Hill* held that an attorney, acting without indication of particular consent from his client, could waive his client's statutory right to a speedy trial); *United States v. Green*, 516 F. App'x 113, 122 (3d Cir. 2013) (rejecting the defendant's argument of a Speedy Trial Act violation where the defendant did not consent to the continuance requested by his attorney).

As it relates to the motions to continue trial filed by codefendants in August 2019 and in February 2020, Andino signed a Consent to Continuance of Criminal Trial form.  He is therefore estopped from now challenging the excludability of the delay.  *See Zedner v. United States*, 547 U.S. 489, 492 (2006) (holding that a defendant may be estopped from challenging excludability under the Act that is "clearly inconsistent" with an earlier position).  Notably too, Saunders' April 2019 motion to continue trial was filed the same day Andino was appointed new counsel at

his request.  *See United States v. Williams*, 591 F. App'x 78, 86 (3d Cir. 2014) (finding no speedy trial violation where the delays were generated by the defendant's own requests for substitute counsel).  Andino cannot blame counsel for his own decisions, nor can he abuse § 3161 by asking for or agreeing to continuances "and then argu[ing] that [his] convictions should be vacated because the continuances [he] acquiesced in were granted." *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992).

"Moreover, pursuant to section 3161(h)(7), after defendants are joined for trial, an exclusion applicable to one defendant applies to all codefendants[; t]herefore, a motion for a continuance by counsel for [one] codefendant [] would create excludable days for [all other codefendants]." *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (internal quotations and citations omitted).  Three of the continuance motions here were filed by codefendants joined for trial with Andino.  The fourth, which was filed by the Government, ultimately had no impact on Andino's speedy trial rights because the ends of justice continuances based on the coronavirus pandemic went into effect before any delay resulting from the Government's motion.[15] Consequently, Andino was not prejudiced by counsel's acquiescence in and/or failure to object to the motions to continue because the time would have been excludable as to Andino regardless.

**C.    There is no basis for the issuance of a certificate of appealability.**

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).  "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists

---

[15]     *See also* Footnote 13, *supra* (explaining that the time excluded solely by the continuances following the coronavirus pandemic amounted to fifty-seven (57) days)

would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

     For the reasons set forth herein, Andino has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment of the speedy trial claim debatable or wrong.  *See United States v. Hampton*, No. 15-302-2, 2022 U.S. Dist. LEXIS 93574, at *17 (E.D. Pa. May 25, 2022) (denying a certificate of merit on the defendant's ineffectiveness claim based on counsel's failure to raise a speedy trial violation).

## V.     CONCLUSION

     An evidentiary hearing will be scheduled to address Andino's challenge to his guilty plea that he alleges was based on counsel's bad advice.  The hearing will be limited to this issue because Andino's second claim, that his speedy trial rights were violated, can be decided on the record alone.  The record shows that there was no violation of the Speedy Trial Act; therefore, counsel's failure to seek dismissal under the Act did not prejudice Andino.  This claim is denied.

     A separate Order follows.

                    BY THE COURT:


                    */s/ Joseph F. Leeson, Jr.*
                    JOSEPH F. LEESON, JR.
                    United States District Judge