UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| EDWIN ANDINO, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | No. 5:19-cr-00001-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

_____

**O P I N I O N**
**Motion for Relief Pursuant to Rule 60(b), ECF No. 278 – Denied and Dismissed**

**Joseph F. Leeson, Jr.**                                                                                       **September 10, 2025**
**United States District Judge**

**I.      INTRODUCTION**

Petitioner Edwin Andino pled guilty to drug and firearms charges and was sentenced to 216 months imprisonment, followed by five (5) years of supervised release.  He thereafter filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that counsel was ineffective for failing to seek a dismissal under the Speedy Trial Act and for misinforming him about the sentence he would receive if convicted at trial.  After an evidentiary hearing, the motion was denied as meritless and dismissed based on the appellate waiver in his Guilty Plea Agreement.  Now pending is Andino's Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(1), alleging the ineffectiveness of counsel at the evidentiary hearing and judicial mistakes.  For the reasons set forth below, the Motion for Relief is denied and dismissed.

## II.  BACKGROUND

### A.  Procedural History

The background of the case was outlined in the Opinions dated November 29, 2022, and June 28, 2024, which are specifically incorporated herein, and will not be repeated. *See* ECF Nos. 254, 277. This Court again notes that Andino was indicted on charges of conspiracy to distribute a mixture and substance containing a detectable amount of fentanyl and of cocaine base ("crack"), said mixture of fentanyl weighing forty grams or more, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pled guilty to these charges and was sentenced to a total term of incarceration of 216 months,[1] followed by a term of five (5) years' supervised release. *See* ECF Nos. 187, 247. Despite the appellate waiver in his Guilty Plea Agreement, Andino filed a Notice of Appeal, which was summarily affirmed on January 12, 2022. *See United States v. Andino*, App. No. 21-1346, Order dated January 12, 2022.

On May 31, 2022, Andino filed a pro se Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 using this Court's standard form. *See* ECF No. 245 (form PAE-AO 243 (Rev. 10/09)). Andino argued that his guilty plea was not knowing and voluntary, that trial counsel was ineffective for informing him that if he proceeded to trial and lost, he would likely be sentenced to life in prison, and that counsel was ineffective for failing to advise him that he had a right to dismissal of the charges if his speedy trial rights were violated. *See id.* The speedy trial claim was denied by Opinion dated November 29, 2022, but an evidentiary hearing was needed to resolve the remaining two claims. *See* ECF No. 254. Counsel was therefore appointed to

---

[1]  This sentence was below the Guidelines range of 262 to 327 months.

represent Andino.  *See* ECF No. 255 (Order dated November 29, 2022, appointing Carlos A. Martir, Jr., Esquire).  An evidentiary hearing was scheduled for January 26, 2023, but thereafter rescheduled for April 13, 2023.  *See* ECF Nos. 256, 258.

At the evidentiary hearing on April 13, 2023, Andino and his trial counsel, Marc Fisher, Esquire, testified.  *See* Notes of Testimony, Evidentiary Hearing, April 13, 2023 ("Hrg N.T. __"), ECF No. 261.  The Court directed that counsel file proposed findings of fact and conclusions of law.  *See* Gov't FOF, ECF No. 271; Def. FOF, ECF No. 274.  Counsel wanted to first obtain a copy of the transcript from the hearing; therefore, the due date was scheduled based on receipt of the same.  *See* ECF No. 259.  Attorney Martir and counsel for the Government each filed a motion for additional time, which was granted.  *See* ECF Nos. 264-267.  On the day the proposed findings of fact and conclusions of law were due, July 31, 2023, Benjamin Cooper, Esquire, entered his appearance on behalf of Andino and filed a motion for extension of time, which was granted.  *See* ECF Nos. 268-270.  Attorney Cooper explained that Attorney Martir filed a letter of no merit (although no such letter appears on the docket and was presumably mailed directly to Andino).  *See* ECF No. 268.  Andino retained Attorney Cooper the same day.  *See id.*  The following day, this Court terminated Attorney Martir as court-appointed counsel for Andino and granted Attorney Cooper's request for an extension of time.  *See* ECF No. 270.  After he was granted another extension of time, *see* ECF No. 273, Attorney Cooper filed proposed findings of fact and conclusions of law on October 30, 2023, *see* ECF No. 274.  *See also* ECF No. 271 (Government's proposed findings of fact and conclusions of law).  In an Opinion and Order dated June 28, 2024, this Court denied and dismissed the Motion to Vacate, finding that Andino's guilty plea was knowing and voluntary, that the motion was subject to

dismissal because Andino waived his collateral attack rights, and that the claims failed on the merits because trial counsel was not ineffective. *See* ECF Nos. 276-277.

On June 26, 2025, Andino filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(1), which is the subject of this Opinion. *See* Mot., ECF No. 278. Andino contends that he thought he was being represented by Attorney Martir and that Attorney Martir would file a notice of appeal. *See id.* at 1.[2] He does not, however, allege that he asked Attorney Martir, or any attorney, to file a notice of appeal on his behalf. *See id.* Rather, when Andino received a copy of the Opinion denying the Motion to Vacate, "he waited for some alert from one of the Attorneys involved in his case." *Id.* at 2. Andino suggests that he was not informed of Attorney Martir's termination and was "not sure of Attorney Cooper's representation." *Id.* at 1. Additionally, Andino alleges seven (7) "judicial mistakes." *See id.* at 2-3. First, that Andino intended to amend his Motion to Vacate to include a claim that trial counsel was ineffective for not allowing him to make a C plea, but the Court ended Andino's pro se representation by appointing counsel. *See id.* at 2. Second, that the Court scheduled an evidentiary hearing and issued an order directing the United States Marshals to produce Andino for the hearing. *See id.* Third, that Attorney Martir failed to contact Andino or prepare for the hearing. *See id.* Fourth, that when the Court sua sponte rescheduled the evidentiary hearing, the Marshals immediately moved him to the Federal Detention Center in Philadelphia but did not allow him to take his legal files. *See id.* Fifth, that Attorney Martir failed to raise three issues: (a) why trial counsel did not move for a C plea, (b) why trial counsel did not advise Andino that he would be sentenced as a career offender, and (c) why counsel did not investigate his speedy trial defenses.

---

[2] This Court adopts the pagination assigned by the Court's electronic filing system (CM/ECF).

*See id.* at 2-3. Sixth, that the sealed Opinion denying suppression was never sent to Andino or the attorneys. *See id.* at 3. Seventh, that the Court failed to provide Miller[3] notice. *See id.* Andino contends that these "judicial mistakes" resulted in a violation of his due process rights. *See id.* Finally, Andino disagrees with this Court's denial of his speedy trial claim and failure to issue a certificate of appealability on this issue. *See id.* at 4-5.

### III.    LEGAL STANDARDS

#### A.    Motion for Relief under Rule 60(b) - Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "Mistakes" in Rule 60(b)(1) includes judicial errors of law. *See Kemp v. United States*, 596 U.S. 528, 539 (2022).

---

[3]    *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999)

B.     **Successive Motions under 28 U.S.C. § 2255 - Review of Applicable Law**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). But a "second or successive motion must [first] be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals. . . ." 28 U.S.C. § 2255(h) (citing 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction. *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012); *United States v. Rodriguez*, 327 Fed. App'x 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals").

C.     **Collateral Attack Waiver – Review of Applicable Law**

Federal defendants can waive their rights to collaterally attack their convictions under § 2255, "provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *See United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). "A waiver is enforceable if it was knowing and voluntary, and enforcing the waiver would not work a miscarriage of justice." *United States v. Laine*, 404 F. App'x 571, 573 (3d Cir. 2010). The reviewing court "strictly construe[s] the language of the waiver, but if [it] find[s] the waiver

applies by its terms, it is the defendant's burden to show the waiver should not be enforced." *United States v. Morrison*, 282 F. App'x 169, 171 (3d Cir. 2008).

IV.  ANALYSIS

    A.  **Andino's Rule 60(b) motion claiming that habeas counsel failed to raise three issues presents a successive 2255 motion.**

"Section 2255's gatekeeping provision, 28 U.S.C. § 2255(h), has an effect on Rule 60(b)'s application to a 2255 motion. Under the gatekeeping provision, [the district court] lack[s] jurisdiction to consider a second or successive 2255 motion unless the Third Circuit authorizes [the district court] to consider it" *United States v. Schmutzler*, No. 1:CR-13-0065,, 2017 U.S. Dist. 108498, at *4 (M.D. Pa. July 13, 2017) (citing *Pelullo v. United States*, 352 F. App'x 620, 625 (3d Cir. 2009)). "When a motion is filed in a habeas case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is actually a 'second or successive' habeas petition within the meaning of § 2244(b)." *Davenport v. Brooks*, No. 06-5070, 2014 U.S. Dist. LEXIS 51047, at *10-11 (E.D. Pa. Apr. 14, 2014) (applying this principle to a Rule 60(b) motion following a motion under 28 U.S.C. § 2255).

Here, to the extent Andino's motion claims that Attorney Martir failed to raise three issues: (a) why trial counsel did not move for a C plea, (b) why trial counsel did not advise Andino that he would be sentenced as a career offender, and (c) why trial counsel did not investigate his speedy trial defenses, *see* Mot. 2-3, it is a successive 2255 motion. *See Gonzalez*, 545 U.S. at 532 (holding that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably"). Each of these underlying issues could have been raised in the Motion to Vacate. Andino's attempt to revive them here by

suggesting habeas counsel was ineffective presents a successive attack. *See Cox v. Horn*, No. 00-5188, 2018 U.S. Dist. LEXIS 146004, at *23 (E.D. Pa. Aug. 28, 2018) (dismissing the Rule 60(b) motion as a successive § 2255 motion because the defendant, who was alleging flaws in the trial evidence, was seeking to challenge the underlying criminal proceedings and not the decision denying habeas relief). Andino did not have permission from the Court of Appeals before filing the instant motion. Accordingly, this Court does not have jurisdiction to entertain the claim, and it is dismissed.[4]

---

[4] Even if this Court had jurisdiction to review the claim, it would be dismissed as meritless. First, trial counsel cannot move the court for a C plea because it would be improper for a court to get involved with plea negotiations. *See* Fed. R. Civ. P. 11(c) ("An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions."). To the extent Andino meant that trial counsel did not move the Government for a C plea, he is incorrect. *See* Hrg N.T. 18:20-23 (Trial counsel testified that on "several prior occasions . . . we had been negotiating back and forth with the government as to hopefully trying to come up to an agreement on a C plea and that proved to be unsuccessful."). Thus, trial counsel was not ineffective in this regard. *See Nguyen v. AG of N.J.*, 832 F.3d 455, 466 (3d Cir. 2016) (affirming dismissal of the ineffectiveness claim where counsel made the argument that the petitioner alleged counsel failed to make); *Swainson v. Varner*, No. 99-6480, 2002 U.S. Dist. LEXIS 2694, at *37 (E.D. Pa. Feb. 19, 2002) ("Petitioner cannot claim his counsel was ineffective for failing to do something which in fact he did do."). Moreover, the issue is untimely because Andino failed to raise it in the Motion to Vacate or within one year of judgment being final. *See* 28 U.S.C. § 2255(f). Andino also failed to raise the career offender status issue within the one-year limitations period. Additionally, Andino was advised during his guilty plea colloquy that his total maximum possible punishment was life imprisonment and that the Sentencing Guidelines were advisory, not mandatory, which he stated he understood. *See* N.T. 15:8-9, 18:2-11, Notes of Testimony, Change of Plea Hearing, July 22, 2020 ("Plea N.T. __"), ECF No. 247. Thus, Andino was not prejudiced by trial counsel's failure, if any, to advise him that he would be sentenced as a career offender. *See United States v. Washington*, 358 F. App'x 309, 314 (3d Cir. 2009) (holding that the defendant's "claim that he was not advised of his status as a career offender does not raise a non-frivolous issue for appeal [because he] was advised in the plea agreement and at the change of plea hearing that his offense carried a twenty-year maximum sentence[,] his sentence was legal and reasonable[, and] . . . the District Court advised [him] and he acknowledged his understanding, that the court was not bound by any guideline estimates."). The third issue, that trial counsel did not investigate speedy trial defenses, is meritless for the reasons discussed in the Opinion dated November 29, 2022, which has been incorporated herein. *See* ECF No. 254. As that Opinion explained, the issue could be, and was, decided without an evidentiary hearing. *See*

B.     **The Court did not commit any mistakes.**[5]

Andino's first alleged judicial mistake is that he intended to amend his Motion to Vacate to include a claim that trial counsel was ineffective for not allowing him to make a C plea,[6] but this Court ended his pro se representation by appointing counsel. *See* Mot. 2. There are several problems with this argument. First, at no time between the filing of his Motion to Vacate on May 31, 2022, and this Court appointing counsel on November 30, 2022, did Andino make any attempt to amend his claims. Furthermore, as will be discussed below, Andino was advised when he filed the Motion to Vacate that he needed to include in his motion "all of the grounds for relief" and that if he failed "to set forth all of the grounds in [the] motion, [he] may be barred from presenting additional grounds at a later date." PAE-AO 243 (Rev. 10/09) (instructions). He therefore has no one to blame but himself for not including this claim in his Motion to Vacate. Further, had this Court not determined that an evidentiary hearing was required, his Motion to Vacate would have been decided on November 30, 2022, before counsel was appointed. Furthermore, the appointment of counsel, although not a constitutional right,[7] was required by law when the evidentiary hearing was deemed necessary. *See* USCS Sec. 2255 Cases R. 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to

---

*id.* Any suggestion that Attorney Martir, who was appointed after this claim had been denied, failed to raise it at the evidentiary hearing is frivolous.

[5]     Andino brings the instant motion under Rule 60(b)(1), but because he is acting pro se, this Court has also considered whether any of his claims would warrant relief under Rule 60(b)(6), which allows relief for any "other reason that justifies relief."

[6]     The successive nature and merits of a C-plea claim were discussed in the previous section.

[7]     *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, *see Johnson v. Avery*, 393 U.S. 483, 488 (1969), and we decline to so hold today.").

represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Accordingly, this Court did not make any mistakes in this regard.

Andino's second alleged mistake, which simply states that the Court scheduled an evidentiary hearing and issued an order directing the United States Marshals to produce Andino for the hearing, *see* Mot. 2, does not assert any mistake. Similarly, Andino's fourth alleged mistake, that the Court sua sponte rescheduled the evidentiary hearing, does not present any mistake. To the extent that this fourth allegation also states that the Marshals moved Andino to the Federal Detention Center in Philadelphia for the hearing but did not allow him to take his legal files,[8] *see* Mot. 2, Andino has failed to show that such action called the validity of the 2255 proceedings into doubt. *See Kieffer v. Allenwood*, 642 F. App'x 77, 79 n.3 (3d Cir. 2016) (affirming the district court's decision to deny relief under Rule 60(b)(1) because the movant failed to offer anything that would have changed the outcome of the habeas proceedings); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) ("Even if we assume there might have been a mistake, inadvertence or neglect . . . [it] does not call the validity of the judgment into doubt. Accordingly, Rule 60(b)(1) provides [the movant] no basis for relief.").

In the third alleged mistake, Andino asserts that he attempted to contact Attorney Martir to prepare for the evidentiary hearing, but Attorney Martir did not answer his calls. *See* Mot. 2. Elsewhere in the Rule 60(b) Motion, Andino claims that Attorney Martir was not prepared for the hearing. *See id.* However, there is no suggestion, except for the arguments already rejected herein, that Attorney Martir was ineffective in a way that affected the outcome of Andino's 2255 proceedings. *See United States v. Brown*, No. 04-4121, 2008 U.S. Dist. LEXIS 28779, at *13-14

---

[8] Notably, this Court did not order that Andino be denied his files, nor was it aware that Andino was not permitted to take his legal files, nor did Andino make a request to continue his evidentiary hearing for this reason.

(E.D. Pa. Apr. 8, 2008) (denying the Rule 60(b) motion with respect to the ineffective assistance of habeas counsel claim because the defendant had not shown he was prejudiced by counsel's actions or that there were any extraordinary reasons to justify relief). Andino has not shown that he was prejudiced by counsel's failure to return his calls and, notably, Andino did not bring this issue to the Court's attention at any time before filing the Rule 60(b) motion. Andino has also failed to show that he was prejudiced by Attorney Martir's level of preparedness for the hearing. Andino's conclusory allegations are insufficient to justify relief. *See United States v. Blackett*, No. 2010-28, 2015 U.S. Dist. LEXIS 92971, at *19-20 (D.V.I. July 17, 2015) (denying Rule 60 motion because the allegations against the attorney representing the petitioner at a 2255 evidentiary hearing were vague and conclusory). Furthermore, any suggestion that Attorney Martir was not prepared for the hearing is belied by the record showing that he had thoroughly reviewed the case, including the Motion to Vacate, to prepare questions for Andino and cross-examination questions for trial counsel. *See generally* Hrg N.T.

Andino's fifth alleged mistake relates to the purported failure of Attorney Martir, not the Court, and was addressed above.

The sixth allegation of error, that the suppression Opinion was never sent to Andino or to the attorneys, *see* Mot. 3, is completely unrelated to the Motion to Vacate and is therefore not a basis for relief under Rule 60(b)(1). *See Sawka*, 989 F.2d at 140. Furthermore, it is based on a faulty premise. Andino suggests that the record shows that the Opinion denying suppression, ECF No. 127, was not served on his trial counsel because the docket reads "Entered and Copies (NOT MAILED TO ATTORNEYS)." *See id.* However, although the Opinion was not served by the Clerk's Office electronically on the attorneys through the CM/ECF system, a copy of the

Opinion was provided to trial counsel by chambers, as is the practice with all sealed Opinions and Orders.

For the seventh alleged mistake, Andino asserts that the Court failed to provide Miller notice. *See* Mot. 3. Contrary to his contention, when filing the Motion to Vacate, Andino, who used this Court's standard form for motions under 28 U.S.C. § 2255, *see* ECF No. 245, was notified of the following:

> . . .
> 8. 28 U.S.C. § 2255 provides that there is a 1-year statute of limitations which runs from the latest of:
>     (1) the date on which the judgment of conviction becomes final;
>     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; if the movant was prevented from making a motion by such governmental action;
>     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or
>     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 9. 28 U.S.C. § 2244(b)(3)(A) provides that before you can file a second or successive habeas corpus motion in the District Court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the District Court to consider your second or successive habeas corpus motion. 28 U.S.C. § 2255 provides that the second or successive habeas corpus motion must be certified by the Court of Appeals to contain:
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> 11. **<u>CAUTION:</u> You must include in this motion all of the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all of the grounds in this motion, you may be barred from presenting additional grounds at a later date.**
> . . .

PAE-AO 243 (Rev. 10/09) (instructions) (emphasis in original).  These instructions provided the notice required by *Miller*.  *See Miller*, 197 F.3d at 652 ("[U]pon receipt of pro se pleadings challenging an inmate's conviction or incarceration--whether styled as a § 2255 motion or not--a district court should issue a notice to the petitioner regarding the effect of his pleadings. This notice should advise the petitioner that he can (1) have his motion ruled upon as filed; (2) have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period.").  Regardless, because the Motion to Vacate was his first and Andino was not denied the ability to present any of arguments as being successive, he has not shown that the alleged lack of notice impacted the habeas proceeding.[9]

Although not identified as a judicial mistake, Andino also contends that he thought he was being represented by Attorney Martir and that the Court did not inform him of the change in counsel or of whom would be representing him.  *See* Mot. 1-2.  However, Andino made the decision to retain Attorney Cooper, whose entry of appearance was entered on the docket before Attorney Martir was terminated, after the evidentiary hearing.  *See* ECF Nos. 268-270.  His

---

[9]     To the extent that the instant Opinion finds that one of Andino's claims in his Rule 60(b) motion should be construed as successive, this Court has also considered and denied the claims on the merits, rendering the alleged lack of *Miller* notice harmless.  *See United States v. Reynolds*, 447 F. App'x 298, 300 n.1 (3d Cir. 2011) (holding that where the district court addressed a motion to vacate without providing the Miller notice, "it should not treat that motion as a first § 2255 motion for purposes of the provisions governing second or successive § 2255 motions" (citing 28 U.S.C. § 2255(h)).  Moreover, because the instant motion was filed more than one year after judgment became final, even excluding the time that the Motion to Vacate was pending, any successive claims in the Rule 60(b) Motion are untimely under § 2255(f).  *See Clay v. Sobina*, No. 06-1255, 2007 U.S. Dist. LEXIS 51590, at *10-11 (W.D. Pa. July 17, 2007) (finding that any failure to give Miller warnings was harmless because the petitioner's 2255 claims would be time-barred).

assertion therefore lacks merit and there was no mistake, inadvertence, surprise, or excusable neglect.

Andino also complains that neither Attorney Martir nor Attorney Cooper filed a notice of appeal, but Andino admits that he did not ask either attorney to do so. *See* Mot. at 2. Moreover, there is neither a constitutional nor a statutory right to counsel in the stage following the denial of a 2255 motion. *See Finley*, 481 U.S. at 555 (holding that there is no constitutional right to counsel for defendants collaterally attacking their convictions); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (holding that where the petitioner "had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file [an appeal]"); *Brown*, 2008 U.S. Dist. LEXIS 28779, at *13-14 (reasoning that because there is no right to counsel during the post-judgment stage of a 2255 proceeding, and in the absence of prejudice, the ineffective assistance of counsel claim in the Rule 60(b) motion must fail). This complaint does not afford Andino relief under Rule 60(b).

The Motion for Relief under Rule 60(b) is therefore denied.

**C.     Andino waived the right to file the instant Rule 60 Motion for Relief.**

Because none of Andino's arguments in the Motion for Relief are meritorious and for the reasons set forth in the Opinion dated June 28, 2024, holding that Andino waived the right to collaterally attack his conviction and sentence, *see* Opn. 11-13, ECF No. 276, Andino also waived his right to file the instant motion. *See United States v. Morgan*, No. 12-23, 2018 U.S. Dist. LEXIS 126426, at *16 (E.D. Pa. July 27, 2018) (denying the defendant's Rule 60(b) motion because even if it was not a second or successive § 2255 motion, the defendant was not entitled to relief because the claims he was raising were not covered exceptions in the appellate waiver provision); *United States v. Dilone*, No. 3:12-CR-170, 2017 U.S. Dist. LEXIS 189141, at *21 n.3

(M.D. Pa. Nov. 15, 2017) (holding that the defendant, as part of his plea agreement, waived the right to bring the Rule 60(b) motion, which "contained substantively the same argument as his § 2255"). Nothing in the instant Motion alters this Court's conclusion that the waiver provision is enforceable. Consequently, the Motion for Relief is also subject to dismissal. *See United States v. Mortimer*, No. 05-186, 2007 U.S. Dist. LEXIS 24734, at *4 (W.D. Pa. Apr. 3, 2007) (holding that it was irrelevant whether the court construed the motion under Rule 60(b) or § 2255 because the defendant "clearly and unambiguously waived his right to file any collateral proceeding attacking his conviction or sentence").

## V.      CONCLUSION

To the extent the Motion for Relief claims that Attorney Martir failed to raise three issues regarding trial counsel's ineffectiveness, it is dismissal as a successive 2255 motion. All claims in the Motion for Relief lack merit and do not justify relief under either Rule 60(b)(1) or (6). The Motion for Relief pursuant to Rule 60(b) is also subject to dismissal based on Andino's collateral attack waiver. The Motion is therefore dismissed and denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge